Wardlaw, J.
delivered the opinion of the Court.
Whatever might have been the effect of a covenant made in the words of this agreement, it is plain that the agreement, ¡not being under seal, did not run with the land: and that the defendant did not, by his sale to Brown, discharge or shift the duty of performing it.
As to the damages, the jury received instructions of which the plaintiff does not complain, and which were not injurious to him; but it is supposed that the jury found too much. It is said that to take down the wall which was wrongfully placed upon the plaintiff’s land, and fix the gutter, so as to reinstate the plaintiff in possession of all that she had before the trespass upon her rights, would, according to an estimate in writing made by her own surveyor, a competent person, take only $90: — that the jury in going beyond that sum, have undertaken to settle the whole matter, by paying her the price of her land which the defendant took, and allowing her enough to build up the defendant’s wall again, after removing itfromher’s: — and that all this she may retain, and still either pull down the wall, or sue the vendee of defendant, and yet not contribute at all towards re-building. The Court cannot, however, know upon what grounds the jury proceeded. Even if the views taken on the Circuit, of the ulterior rights of persons concerned, be correct, the jury may have taken into their estimate the rent lost and other direct damage which the plaintiff sustained from the defendant’s refusal to perform his agreement. In this view the verdict should be allowed to stand, which has done substantial justice, although the jury, in matters which depended upon estimation capable of certainty, have formed a conclusion not exactly conformable to the opinions of witnesses, but not widely different from them.
It is not, however, at all clear, that if the jury undertook to settle rights as has been supposed, they did not do right. The plaintiff let fall her action of trespass to try titles, and without renewing it, delayed more than two years. All her right of action for the land then sued for, and since then out of her possession, may, by our statute of 1744, be barred, and the defendant may have no further reason to dread her action against his vendee for trespass, or against himself on his agreement. In this view the statements made at the bar would seem not to consider the plaintiff’s recovery at all excessive. This estimation can of course decide no rights not now before the Court, but it is made to counteract any effect which the view of the plaintiff’s further rights, taken on the Circuit, might have in producing new litigation.
The motion is dismissed.
The whole Court concurred.

Motion refused.